Margaret L. **HOLLAR**, Petitioner,

v.

**DISTRICT UNEMPLOYMENT COMPEN- SATION BOARD, Respondent.**

**No. 7833.**

District of Columbia Court of Appeals.

Argued Jan. 24, 1974.

Decided April 1, 1974.

Margaret L. Hollar, pro se.

George A. Ross, Washington, D. C., with whom Russell L. Carter and Bill L. Smith, Washington, D. C., were on the brief, for respondent.

Before KELLY, KERN and PAIR, Associate Judges.

PAIR, Associate Judge:

On this petition for review of a decision of the District of Columbia Unemployment Compensation Board (the Board),[1] the sole question is whether petitioner was available for work during the period involved and, therefore, entitled to unemployment compensation.

It is uncontroverted in the record that petitioner was employed in the District of Columbia as a saleswoman from November 17, 1969 until April 28, 1973 when she voluntarily left such employment and moved with her husband, who had retired because of poor health, to a rural area some two miles from the town of Toms Brook, Virginia.

On May 10 and again on June 6, 1973, petitioner filed with the Virginia Employment Commission interstate claims for unemployment benefits.[2] It appearing upon consideration of the claims that petitioner was not available for work within the purview of the District of Columbia Unem-

ployment Compensation Act,[3] a determination was made on June 13, 1973, by a District of Columbia claims deputy that petitioner was not entitled to benefits for an indefinite period commencing May 6, 1973.

Petitioner complained of the determination and was granted a hearing which was conducted on July 18, 1973, by a Virginia Employment Commission appeals examiner. At the hearing there was testimony by petitioner in substance that she resided in a rural area some two miles from the small town of Toms Brook, Virginia; and that the town did not have any real business, but did have a post office, grocery store, service station, and a fire department. When asked whether she would be available for work in the Winchester area, petitioner replied:

> Well, that would be 25 miles from where I live, which would be 50 miles a day to drive. I rather not drive that far.

Petitioner then stated that she was looking for work in a department store as a shoe or clothing saleswoman and would be willing to drive 10 or 15 miles; and, although there was no such store within that area, she insisted that she would be unwilling to take such employment in Winchester, Virginia.

A transcript of the proceedings was furnished to the Board and upon consideration thereof by an appeals examiner the determination of the Board's claims deputy was, on August 13, 1973, affirmed.

Petitioner then appealed to the Board which, after review of the record, made findings that:

.    .    .    .    .    .

3. Claimant would be willing to drive 10 or 15 miles to work but she would not go further [sic].

4. The nearest sizeable town to where she lives is Winchester, Virginia, which

1. D.C.Code 1973, § 1–1501.

2. D.C.Code 1973, § 46–316; D.C.Rules and Regulations, Title 18, §§ 305.4–305.6.

3. D.C.Code 1973, § 46–309(d).

has a population of about 30,000. There are many opportunities to find work there but the claimant would not be willing to work there because of the distance from her home.

5. She has confined her work to Woodstock which is close to her home and which has a population of 2,500 and Strasburg which has an even smaller population.

The Board concluded from these findings that petitioner was not available for work within the meaning and intent of D.C.Code 1973, § 46–309(d), and therefore not entitled to unemployment benefits.[4] Accord-

ingly, the Board affirmed the decision of its appeals examiner. This petition for review followed.

After review of the administrative record and upon consideration of petitioner's supporting statement, the Board's brief, and the oral presentations, we are of the view that the factual determination respecting petitioner's ineligibility for unemployment benefits during the period May 6 to July 18, 1973 is supported by substantial evidence.[5] D.C.Code 1973, § 1–1510. Thus the decision of the Board is hereby

Affirmed.

4. In its consideration of the appeal, the Board was, of course, bound by the record consisting of the two interstate claims and the transcript of the hearing conducted on July 18, 1973. Because there was no disputed issue of fact, the Board was not permitted at that time to consider any question as to petitioner's eligibility for benefits during any period subsequent to July 18, 1973.

5. We note from post-argument submissions by the Board that, after the hearing July 18,

1973 before the Virginia appeals examiner, petitioner applied for work in the available labor market in Winchester, but still insists that it would be unprofitable to work there. Because the Board considered no claim based upon any job activity subsequent to July 18, 1973, we indicate no opinion as to whether petitioner is now entitled to unemployment benefits.